**BALDINI LAW, LLC**
JACK BALDINI, ESQ.
37 Bowers Drive
Hackettstown, New Jersey 07840
jack@baldinilaw.com
973-945-1645
Counsel for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAE Group, LLC and Glenn Ehrgott<br><br>*Plaintiff(s)*<br><br>v.<br><br>Cargo Equipment Corporation and Jeffrey S. Iden<br><br>*Defendant(s).* | **Civil Act. No.**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

As and for its complaint against Defendant Cargo Equipment Corporation and Jeffrey S. Iden ("CEC"), Plaintiff, GAE Group, LLC and Glenn Ehrgott ("GAE"), alleges and avers as follows:

### **PARTIES**

1. Plaintiff GAE Group, LLC is a limited liability company of New Jersey with a principal place of business at 7 Spring Lane, Long Valley, New Jersey 07853. Glenn Ehrgott is an individual and inventor residing at 7 Spring Lane, Long Valley, New Jersey 07853. Glenn Ehrgott is the sole inventor and owner of U.S. Patents Nos. 6,364,141 (the "'141 Patent") and 6,729,485 (the "'485 Patent"). GAE Group, LLC is the duly authorized agent and licensor of the '141 Patent and '485 Patent.

2. Upon information and belief, Cargo Equipment Corporation is a corporation of the State of Illinois with a principal place of business at 13700 George Bush Court, Huntley, Illinois 60142.  Upon information and belief, Jeffrey S. Iden is an individual with an address at 13700 George Bush Court, Huntley, Illinois 60142 and is the president and principal director of the operations of Cargo Equipment Corporation.

**JURISDICTION AND VENUE**

3. This is an action for patent infringement and unfair competition arising under the patent laws of the United States, Title 35 of the United States Code, Sections 271 and 281 through 285.  This Court has jurisdiction over the subject matter of this action pursuant to Title 28 of the United States Code, Sections 1338(a) and 1331.  This Court also has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because the matter in controversy exceeds $75,000 and the suit is between citizens of different states.

4. Venue is proper in this District under Title 28 of the United States Code, Sections 1391(b), (c) and/or (d); and 1400(b).  Personal jurisdiction in this district is proper in as much as Defendant(s) have solicited and conducted business within the State of New Jersey via its website, directly soliciting New Jersey residents, including Plaintiff, and via other means, thereby purposely availing itself of the privilege of acting in the State of New Jersey.  Moreover, venue is proper under 28 U.S.C. § 1391 as a substantial part of the acts or omissions giving rise to the claims complained of occurred in this judicial district and the Defendant(s) are subject to personal jurisdiction in this district.

5. Plaintiff has its corporate headquarters at 7 Spring Lane, Long Valley, New Jersey 07853 and, for purposes of diversity jurisdiction, is a citizen of New Jersey.  Glenn Ehrgott

maintains his residence at 7 Spring Lane, Long Valley, New Jersey 07853 and, for purposes of diversity jurisdiction, is a citizen of New Jersey.

6. Upon information and belief, Defendant(s) Cargo Equipment Corporation and Jeffrey S. Iden have as their corporate headquarters and individual residence at, 13700 George Bush Court, Huntley, Illinois 60142, respectively, and, for purposes of diversity jurisdiction, is/are a citizen of Illinois.

7. Upon information and belief, Defendant(s) have continuous and systematic contacts in New Jersey and continually solicit business from consumers in New Jersey selling infringing devices of the '141 Patent and '485 Patent.

## FACTS

8. Glenn Ehrgott invented a new and unique storage device comprising a receiving member comprising one or more receiving member receptacles, the receiving member receptacle being defined by opposing end edges and an insertion member comprising a body portion capable of supporting a cantilever load and a retention device portion capable of being stably inserted into the receiving member receptacle. Mr. Ehrgott filed a United States patent application on or about April 30, 1999 directed to this invention and U.S. Patent No. US 6,364,141 B1 issued on or about April 2, 2002 having twelve claims. A true and correct copy of the '141 Patent is attached hereto as Exhibit "A".

9. Glenn Ehrgott invented a new and unique storage device mounting system providing a mounting device support member, comprising at least one rigid mounting body comprising a first lateral end and a second lateral end; a first retention device attached to the first lateral end of the rigid mounting body, the retention device comprising a cargo

3

control track insert, the insert having upper and lower notches which define at least one adjacent resilient finger which extends beyond the opposing edges of a receiving member receptacle, a positive engagement latch, movably mounted on the retention device, the positive engagement latch being movable between a notch blocking position and a release position, and a positive engagement latch operating means, mounted on the retention device, capable of selectively enabling moving said positive engagement latch between the notch blocking position and the release position.  Mr. Ehrgott filed a United States patent application on or about January 15, 2002 directed to this invention and U.S. Patent No. US 6,729,485 B1 issued on or about May 4, 2004 having twenty claims.  A true and correct copy of the '485 Patent is attached hereto as Exhibit "B".

10. On or about August 1, 2011, Mr. Ehrgott formed GAE Group, LLC to be the duly authorized licensor of the '141 Patent and '485 Patent.  Mr. Ehrgott entered into a contract with GAE Group, LLC for this entity to pursue and obtain licensing deals for the '141 Patent and the '485 Patent.  In fact, GAE Group, LLC has entered into patent licensing deals.

11. GAE has spent years conducting its business affairs with the highest ethical standards, expending great efforts and finances to build its sterling reputation and maximizing the economic advantages of selling product and licensing others to sell product under the '141 Patent and '485 Patent.

12. Upon information and belief, Defendant(s), without authorization or license, manufacture, market, sell and/or use devices that infringe one or more claims of the '141 Patent and/or '485 Patent.

13. Specifically, as a non-exhaustive example of the marketing and sale of such infringing devices, Defendant(s)' website at www.cargoequipmentcorp.com/E-Track-Hooks-and-Fittings-s/64.htm shows Product Codes: CE6020, an E Track Shovel Hook for sale at $12.60; CE6021, a Small J Hook for E Track for sale at $8.10; CE 6022, a Large J Loop Hanger for e Track for sale at $10.50; CE6023, a Large U Hanger for E Track for sale at $20.30; CE6025, a Garment Hanger for E Track for sale at $31.50; and CE6030, a Tri Hook Hanger for E Track for sale at $19.90.

14. On or about November 22, 2016, Greg Rokus of Cargo Equipment Corporation sent Mr. Ehrgott an unsolicited email stating, "we are in the process of joining NATDA and was just wanting introduce our company to you.  Cargo Equipment Corporation located in Huntley, IL is a full line manufacturer / distributor of cargo control products.  We manufacture custom tie down strap assemblies per your specific requirement as well as provide your everyday strap and equipment needs.  We have both E-track and L-track in stock and can provide multiple accessories for each.  We have created a login account which will allow you to receive a 10% discount off our entire website.  If for any reason you have a need for lager quantities then please don't hesitate to contact me for pricing based on your specific needs." Login information was also provided as noted and links to various webpages, including a link to the webpage ww.cargoequipmentcorp.com/E-Track-Hooks-and-Fittings-s/64.htm.

15. Mr. Ehrgott proceeded to place an order based on that solicitation and caused order number 38118 to be placed ordering one each of Product Codes: CE6020, an E Track Shovel Hook; CE6021, a Small J Hook; CE 6022, a Large J Loop Hanger for e Track;

5

CE6023, a Large U Hanger for E Track; CE6025, a Garment Hanger for E Track; and CE6030, a Tri Hook Hanger for E Track. Those items were shipped by Cargo Equipment Corp. and received by Mr. Ehrgott.

16. Defendant(s) continue an aggressive advertising campaign to market and sell the infringing products. On or about November 28, 2016, Defendant(s) sent another marketing email to Mr. Ehrgott advertising "Cyber Monday" and "free shipping" for E-Track Accessories.

17. On or about December 8, 2016, another email came from "ecommerce@cargoequipmentcorp.com", again advertising E-Track items and offering 10% savings.

18. In or around the end of 2015, Mr. Ehrgott, through GAE Group, LLC, offered a license to Cargo Equipment Corp. on the same standard terms and conditions as others have taken a license. On or about December 11, 2015, Mr. Iden responded, alleging without any confirmation or other indicia of reliability, that specifically the product CE6030 had been in production and sales "well before your patents were filed." He did not address any of the other infringing products.

19. On or about December 18, 2015, through counsel, Mr. Ehrgott responded that "your unsubstantiated assertion that 'Cargo Equipment has been manufacturing and sell [sic] this product before your patents were filed' does not alleviate your liability and obligations under U.S. Patent Law. As issued U.S. Patents, the 'Ehrgott Patents' hold a presumption of validity." Defendant(s) were invited to provide evidence of their allegations. Defendant(s) were put on notice that they would be pursued from then

6

forward as a willful infringer.

20. Defendant(s) did not avail themselves of the offer to provide any evidence of their allegations. Defendant(s) did not stop any of their infringing activity.

21. On or about September 27, 2016, this office sent a follow up letter to Mr. Iden and Cargo Equipment Corp., reiterating the prior correspondence, attaching a copy of the '141 Patent so there would be no ambiguity of the claims of the '141 Patent, and one last time, offering a license to remain a seller of the infringing products offered by Cargo Equipment Corp. This office received back a return receipt for this correspondence noting that the correspondence was received on or about September 30, 2016. To date, no response has been proffered by Defendant(s).

22. Upon information and belief, Defendant(s) also market and sell products for use with motorcycle transport that infringe one or more claims of the '485 Patent.

23. Upon information and belief, Defendant(s) sell the infringing products in a wholesale capacity for others to resell and thereby knowingly contributing to others' infringing sales activity.

**FIRST CLAIM FOR RELIEF**
**PATENT INFRINGEMENT – '141 PATENT**

24. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 23 of the Complaint as if fully set forth at length.

25. Upon information and belief, Defendant(s) are actively making, using, selling and/or offering for sale products that infringe one or more claims of the '141 Patent.

26. Defendant(s) do not have permission to make, use, sell or offer for sale any of these products.

27. Further, Defendant(s) are actively encouraging others to make, use, sell and/or offer for sale products that infringe the '141 Patent.

28. Defendant(s)' sale and offer for sale of infringing products is at a rate that is discounted from what Plaintiff sells corresponding products or licensors of the '141 Patent are able to sell corresponding products because Defendant(s) do not pay a license fee and/or are making and/or selling and/or offering to sell inferior products.  The foregoing causes Plaintiff economic hardship as well as damage to goodwill.

29. Defendant(s) have been on notice of the alleged infringement and willfully and knowing continue to make, use, sell and offer for sale infringing products without any reasonable belief of non-infringement.  Defendant(s) have been offered a reasonable license and have refused.  On information and belief, Defendant(s) acted without a reasonable basis for a good faith belief that they would not be infringing the '141 Patent.

30. As such, this is an exceptional case pursuant to, *inter alia,* 35 U.S.C. § 285 warranting increased damages and an award of attorney's fees.

31. The foregoing constitutes patent infringement of the '141 Patent by Defendant(s) pursuant to 35 U.S.C. §§ 271, *et. seq.* and Plaintiff will be irreparably harmed if Defendant(s) are not enjoined from infringing the '141 Patent.

## SECOND CLAIM FOR RELIEF
## PATENT INFRINGEMENT – '485 PATENT

32. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 31 of the Complaint as if fully set forth at length.

33. Upon information and belief, Defendant(s) are actively making, using, selling and/or offering for sale products that infringe one or more claims of the '485 Patent.

8

34. Defendant(s) do not have permission to make, use, sell or offer for sale any of these products.

35. Further, Defendant(s) are actively encouraging others to make, use, sell and/or offer for sale products that infringe the '485 Patent.

36. Defendant(s)' sale and offer for sale of infringing products is at a rate that is discounted from what Plaintiff sells corresponding products or licensors of the '485 Patent are able to sell corresponding products because Defendant(s) do not pay a license fee and/or are making and/or selling and/or offering to sell inferior products.  The foregoing causes Plaintiff economic hardship as well as damage to goodwill.

37. Defendant(s) have been on notice of the alleged infringement and willfully and knowing continue to make, use, sell and offer for sale infringing products without any reasonable belief of non-infringement.  Defendant(s) have been offered a reasonable license and have refused.  On information and belief, Defendant(s) acted without a reasonable basis for a good faith belief that they would not be infringing the '485 Patent.

38. As such, this is an exceptional case pursuant to, *inter alia,* 35 U.S.C. § 285, warranting increased damages and an award of attorney's fees.

39. The foregoing constitutes patent infringement of the '485 Patent by Defendant(s) pursuant to 35 U.S.C. §§ 271, *et. seq.* and Plaintiff will be irreparably harmed if Defendant(s) are not enjoined from infringing the '485 Patent.

### THIRD CLAIM FOR RELIEF
### UNFAIR COMPETITION

40. Plaintiff realleges and incorporates by reference herein the allegations contained in paragraphs 1 through 39 of the Complaint as if fully set forth at length.

41. Plaintiff had a reasonable expectation that upon obtaining patents for its new and unique products, it would obtain a limited advantageous position in the marketplace with respect to making, using and selling these products.

42. In fact, Plaintiff has authorized certain companies as sellers of products covered under the '141 Patent and '485 Patent. Those licensed companies would not pay the license fee or continue with the licensing arrangement if they knew that Plaintiff would not pursue infringing activity.

43. Defendant(s) have wrongfully interfered with Plaintiff's marketplace advantage and licensing agreements by (i) refusing to enter into a license agreement; and (ii) continuing to make, sell and/or use infringing products without paying a license fee thereby creating an uneven playing field in the marketplace between those that pay a royalty and those that do not. To the extent the law requires that Defendant(s)' interference was intentional, Defendant(s)' interference was intentional.

44. Defendant(s)' inequitable, unethical and intentional conduct hinders Plaintiff's prospects of maintaining its competitive advantage under the '141 Patent and '485 Patent and otherwise interferes with free and full innovation and competition in the marketplace.

45. Defendant(s) have thereby defeated Plaintiff's reasonable expectation of continuing to maintain its rightful market share with respect to products covered under the '141 Patent and '485 Patent.

46. But for Defendant(s)' wrongful acts, there is a reasonable probability that Plaintiff would be able to fulfill its reasonable expectations and enjoy the economic benefits derived from the '141 Patent and '485 Patent.

47. Defendant(s) have no adequate justification to interfere with Plaintiff's marketplace advantage.

48. Defendant(s)' conduct is against the public interest conferring rights on patent holders to promote invention.

49. Defendant(s)' wrongful interference has caused Plaintiff to suffer economic damages, including lost and diminished royalties, lost profits, a decrease in goodwill and other damages.

50. Defendant(s)' actions constitute unfair competition under the common law.

51. Upon information and belief and pursuant to Defendant(s)' willful and continuing infringing activity, Defendant(s)' acts of unfair competition will continue unless restrained by the Court.

52. Plaintiff is entitled to compensatory damages, punitive damages, injunctive relief and such other and further relief as this cause of action allows.

## JURY DEMAND

53. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff is entitled to and prays for judgment against the Defendant(s), each and everyone, as follows:

    (a)    A judgment that the '141 Patent is infringed by certain products as marketed, sold and/or used by Defendant(s) and Defendant(s)' making, using, offering to sell, selling, marketing, distributing or importing the infringing products, prior to the expiration of the '141 Patent, will infringe, actively induce infringement and

contribute to the infringement of the '141 Patent;

(b) A declaration that the '141 Patent is valid and enforceable;

(c) A judgment that the '485 Patent is infringed by certain products as marketed, sold and/or used by Defendant(s) and Defendant(s)' making, using, offering to sell, selling, marketing, distributing or importing the infringing products, prior to the expiration of the '485 Patent, will infringe, actively induce infringement and contribute to the infringement of the '485 Patent;

(d) A declaration that the '485 Patent is valid and enforceable;

(e) An Order permanently enjoining Defendant(s), their affiliates and subsidiaries, and each of their officers, agents, servants, employees or anyone acting in active concert with any of them, from making, using, offering to sell, selling, marketing, distributing, or importing any product that infringes any claim of the '141 Patent or inducing or contributing to the infringement of the '141 Patent until after the expiration of the '141 Patent;

(f) An Order permanently enjoining Defendant(s), their affiliates and subsidiaries, and each of their officers, agents, servants, employees or anyone acting in active concert with any of them, from making, using, offering to sell, selling, marketing, distributing, or importing any product that infringes any claim of the '485 Patent or inducing or contributing to the infringement of the '485 Patent until after the

expiration of the '485 Patent;

(g) Damages and other monetary relief resulting from the prior making, using, offering to sell, selling, marketing, distributing, or importing any product that infringes any claim of the '141 Patent or inducing or contributing to the infringement of the '141 Patent;

(h) Damages and other monetary relief resulting from the prior making, using, offering to sell, selling, marketing, distributing, or importing any product that infringes any claim of the '485 Patent or inducing or contributing to the infringement of the '485 Patent;

(i) A declaration that this is an exceptional case and an award of treble the forging damages and attorney's fees to Plaintiffs;

(j) Plaintiff's reasonable costs of suit incurred; and

(k) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Baldini Law, LLC
Attorneys for Plaintiff

_____
Jack Baldini, Esq.
Baldini Law, LLC
37 Bowers Drive
Hackettstown, New Jersey 07840
973.945.1645
jack@baldinilaw.com

Dated: December 22, 2016

13